## THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

GREGORY D. BEATLEY,
28 Iowa Street, #2
Plattsburg, NY12901,

DEREK W. BROWN,
2964 Shady Ridge Court
Middleburg, FL 32068-8242

GERALD W. BURGESS,
8649 E. Dunbar
Tucson, AZ 85747,

WADE PLANT,
5020 S. Meridian Ave.
Oklahoma City, OK 73119,

JAMES ROSS, JR.,
6909 Ridgeline Court
Corpus Christi, TX 78413,

JASON WOODY,
12364 Northwood Crossing
Hammond, LA 70401-6014,

        Plaintiffs,

    v.

BUREAU OF CUSTOMS AND BORDER
PROTECTION,
Department of Homeland Security
1300 Pennsylvania Avenue, NW
Washington, DC 20229, and

THE UNITED STATES OF AMERICA,
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, N.W.
Washington, DC 20530-0001,

Civil Action No. 1:16-CV-50

**FIRST AMENDED
COMPLAINT**

Defendants.

## COMPLAINT UNDER THE FAIR LABOR STANDARDS ACT

### I.  INTRODUCTION

1.      Plaintiffs, by their undersigned counsel, file this civil action to recover from Defendants back pay, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201–219 ("**FLSA**"), and other applicable laws.

### II.  JURISDICTION

2.      This Court has jurisdiction over this civil action pursuant to: (1) 28 U.S.C. § 1331, in that the matters in controversy arise under the Constitution and laws of the United States; (2) 28 U.S.C. § 1337, in that the matters in controversy arise under an Act of Congress regulating commerce; and (3) 29 U.S.C. § 216(b), in that this is an action to recover unpaid overtime compensation and liquidated damages.

3.      Further, this Court has jurisdiction to issue declaratory judgments and other relief sought herein under 28 U.S.C. §§ 2201 and 2202, in that actual controversies exist between the Plaintiffs and Defendants regarding actions and failures to act by Defendants under the FLSA and otherwise.

### III.  VENUE

4.      Venue is proper in this district under 28 U.S.C. § 1391, since this is a civil action in which Defendants United States and the Bureau of Customs and Border Protection ("**CBP**") and agents thereof have acted in an official capacity and under color of legal authority.  CBP is

2

headquartered in the District of Columbia, and a substantial portion of the events and/or omissions giving rise to the claims herein occurred in this District.

## IV. <u>THE PARTIES AND DEFINITIONS</u>

5.      Defendants are employers within the meaning of the FLSA.

6.      Plaintiffs are employees of Defendants within the meaning of 29 U.S.C. § 203(e).

7.      Attached to this Complaint as Exhibit A are Plaintiffs' signed individual consent forms in which they consent to be claimants in this lawsuit brought on their behalf and on behalf of other persons against the United States asserting their rights under the FLSA.

8.      Plaintiffs, who are identified individually in Paragraphs 16 through 277 below, allege that they have suffered legal and economic wrongs because of Defendants' actions and have been adversely affected and aggrieved thereby regarding their rights under the FLSA.

## V. <u>GENERAL ALLEGATIONS</u>

9.      Plaintiffs have been employed by Defendants United States and CBP as Aviation Operations Analysts and/or Aviation Enforcement Agents.  Defendants have considered Plaintiffs Beatley, Plant, and Woody to be exempt from the FLSA as GS-13 Aviation Operations Analysts and Aviation Enforcement Agents.  Defendants considered Plaintiff Woody to be non-exempt from the FLSA as a GS-12 Aviation Enforcement Agent.

10.      Defendants and their officers and agencies are responsible under the United States Constitution and federal law and regulations for the establishment and administration of personnel, employment, and compensation policies and practices and for applying to the Plaintiffs the provisions of the FLSA and other applicable federal pay and compensation statutes and regulations.

11.     As a result of the actions of Defendants and their agents, Plaintiffs have suffered legal wrongs and economic injuries under the FLSA and are adversely affected and aggrieved thereby.

12.     As is more fully set forth below, Defendants and their officers and agencies willfully have violated, and continue willfully to violate, the provisions of the FLSA by wrongfully and willfully failing and refusing to provide the Plaintiffs with pay and benefits due them under the FLSA and implementing regulations.

13.     Defendants have erroneously considered each of the Plaintiffs "FLSA exempt" and have not accorded them the rights and compensation to which FLSA non-exempt employees of Defendants are entitled.

14.     Under the FLSA and the regulations of the Office of Personnel Management ("**OPM**"), Plaintiffs are presumed to be FLSA non-exempt, and Defendants carry the burden of demonstrating that Plaintiffs are and have been exempt. 5 C.F.R. § 551.202.

15.     Similarly situated Plaintiffs in the pending related case, *Thomas A. Adair, et al. v. CBP, et al*., Case No. 13-1093, repeatedly challenged their exempt status through verbal discussions and e-mail communications with their supervisors and with pay administrators of Defendants from at least 2009 to the present to no avail.

## VI.  THE PLAINTIFFS AND THEIR INDIVIDUAL CLAIMS

**Gregory D. Beatley**

16.     Gregory D. Beatley is a plaintiff herein. He resides at 28 Iowa Street, #2, Plattsburgh, New York 12891.

17.     Plaintiff Beatley is currently an Aviation Enforcement Agent (GS-1801-13) in Plattsburgh, New York.  Within the last three years Plaintiff Beatley may also have held the position of Aviation Operations Analyst in Plattsburgh, New York.

**Derek W. Brown**

18.     Derek W. Brown is a plaintiff herein.  He resides at 2964 Shady Ridge Court, Middleburg, FL 32068.

19.     Plaintiff Brown is currently a Senior Detection Officer (GS-1801-13) in Corpus Christie, Texas.  Within the last three years, Plaintiff Brown held the position of Senior Detection Enforcement Officer and was classified as non-exempt.

**Gerald W. Burgess**

20.     Gerald W. Burgess is a plaintiff herein.  He resides at 8649 E. Dunbar, Tucson, Arizona 85747.

21.     Plaintiff Burgess is currently an Aviation Enforcement Agent (GS-13) in Tucson Arizona. Within the last three years, Plaintiff Burgess held the position of an Aviation Enforcement Agent (GS-12) in Miami, Florida and was classified as FLSA non-exempt.  In or around 2015, he was promoted to an Aviation Enforcement Agent, GS-13, classified as FLSA exempt.

**Wade Plant**

22.     Wade Plant is a plaintiff herein. He resides at 5020 S. Meridian Ave., Oklahoma City, OK 73119.

23.     Plaintiff Plant is currently an Aviation Enforcement Agent (GS-1801-13) in Oklahoma City, Oklahoma.  He has held this position since in or around October 2015.  Within the last three years, Plaintiff Plant held the position of Aviation Enforcement Agent (GS-1801-

12) in the same office and was classified as FLSA non-exempt.  However, despite being

classified as non-exempt as a GS-12, Plaintiff Plant was denied FLSA overtime on several

occasions when he was a GS-12.

**James Ross, Jr.**

24.     James Ross, Jr. is a plaintiff herein.  He resides at 6909 Ridgeline Court, Corpus

Christie, Texas 78413.

25.     Plaintiff Ross is currently a Detection Enforcement Officer (GS-1801-13) in

Corpus Christi, Texas. Within the last three years, plaintiff Ross held the position of Detection

Enforcement Officer (GS-1801-12) in the same office and was classified as FLSA non-exempt.

In or around 2015, he was promoted to a Detection Enforcement Officer GS-13, and classified as

FLSA exempt.

**Jason Woody**

26.     Jason Woody is a plaintiff herein. He resides at 12364 Northwood Crossing,

Hammond, Louisiana 70401.

27.     Plaintiff Woody is currently an Aviation Enforcement Agent (GS-1801-13) in

New Orleans, Louisiana.  Within the last three years, Plaintiff Woody held the position of

Aviation Operations Analyst (GS-1801-12) in New Orleans Louisiana and was classified as

FLSA non-exempt.  In or around 2014, he was promoted to an Aviation Enforcement Agent, GS-

13, classified as FLSA exempt.

## VII. COUNT ONE

**(Failure Properly to Compensate Plaintiffs for Overtime Under the FLSA)**

28.     Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 277 above.

29.     Defendants have wrongfully and willfully denied Plaintiffs coverage under the FLSA and/or have wrongfully and willfully withheld overtime compensation due Plaintiffs by failing and refusing to pay them in accordance with the FLSA for hours worked in excess of forty each week.  Plaintiffs worked overtime hours known as Administratively Uncontrollable Overtime, 5 U.S.C. 5545(c)(2), for which they were not paid correctly pursuant to the FLSA. Such overtime hours include but are not limited to additional hours during which Defendants and their officers and agents directed and/or suffered or permitted Plaintiffs to work without paying them any compensation whatsoever, including travel, training and other work performed by Plaintiffs on Defendants' behalf.  Such overtime hours also include hours during which Defendants and their officers and agents directed and/or suffered or permitted Plaintiffs to work without compensation and without recording their hours.

## VIII.   COUNT TWO

**(Request for Back Pay, Liquidated Damages, Interest, Attorney's Fees and Costs)**

30.     Plaintiffs incorporate by reference herein the allegations contained in Paragraphs 1 through 277 above.

31.     As a result of the wrongful and willful violations of law by Defendants and their officers and agencies as alleged in the claims specified above, there is due and owing to Plaintiffs various amounts of back pay, liquidated damages, interest, attorneys' fees and costs.

32.     Employment, time, work, pay, leave and other records relating to Plaintiffs are in the possession, control, and custody of Defendants and their officers and agencies, and Plaintiffs are unable to state at this time the exact amounts of pay, benefits, liquidated damages, and interest which are due and owing to them with respect to their individual claims.  Defendants and their officers and agencies are under a duty imposed by Section 11(c) of the FLSA, 29 U.S.C. § 211(c), and other statutes and regulations to maintain and preserve payroll and other employment records with respect to Plaintiffs from which the amounts of Defendant's liability may be determined.

WHEREFORE, Plaintiffs pray that this Court:

(a)     With respect to all Plaintiffs currently classified by Defendants as exempt from the FLSA, issue a declaration pursuant to 28 U.S.C. §§ 2201 and 2202 stating that Plaintiffs have been and are being employed by Defendants in an FLSA nonexempt capacity but have been denied such status willfully by Defendants;

(b)     Order Defendants, subject to rules and regulations to be established by this Court that conform with FLSA, to conduct a full, complete and accurate accounting of all back overtime, premium and other pay, leave, holiday, and excused and other paid-absence compensation, and benefits, interest, and liquidated damages equal to such back pay due and owing to Plaintiffs as is sought herein from 2012 to a date which is not more than 30 days before the date on which the judgment herein is paid;

(c)     Award Plaintiffs such back pay, premium pay, liquidated damages and interest under the FLSA and the Back Pay Act, 5 U.S.C. § 5596, from the date of the denial of such pay and entitlements retroactive for three years prior to the filing of this complaint until a date not

more than 30 days before the date on which the judgment herein is paid, and costs, as are due

and owing to them by Defendants under applicable federal laws and regulations; and

(d)     Award Plaintiffs reasonable attorneys' fees and costs to be paid by Defendants

under the FLSA, the Back Pay Act, and the Equal Access to Justice Act, 28 U.S.C. §

2412(d)(1)(B); and

(e)     Grant to Plaintiffs such other relief as the Court deems just and proper.


Respectfully submitted,

**/s/ Edgar James**
Edgar James – D.C. Bar No. 333013
Darin M. Dalmat – D.C. Bar No. 978922
Daniel M. Rosenthal – D.C. Bar No. 1010473
Alice C. Hwang – D.C. Bar No. 1010190
James & Hoffman, P.C.
1130 Connecticut Ave., NW, Suite 950
Washington, D.C. 20036
(202) 496-0500
ejames@jamhoff.com
dmdalmat@jamhoff.com
dmrosenthal@jamhoff.com
achwang@jamhoff.com

Linda Lipsett - D.C. Bar No. 383671
Bernstein & Lipsett
1130 Connecticut Ave., N.W., Suite 950
Washington, D.C. 20036
(202) 296-1798
chouse@bernstein-lipsett.com

*Attorneys for Plaintiffs*


Dated:  March 16, 2016